UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-245-RJC

| | |
|---|---|
| JONATHAN PAUL LANGLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER FNU LEMON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on its own motion. On December 13, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983, naming Officer Lemon as Defendant. Plaintiff alleges that while in the custody of the North Carolina Department of Corrections ("NC DOC") and an inmate in the Lanesboro Correctional Institution ("Lanesboro Correctional "), Lemon attacked him without provocation. (Doc. No. 1 at 3). Plaintiff contends he suffered numerous injuries including a cut on the top of his head, a cut on his wrist, and a swollen jaw.

On May 17, 2011, the Clerk of Court entered an Order requesting Lanesboro Correctional to deliver to the clerk's office a verified copy of Plaintiff's trust account. (Doc. No. 4). On May 31, 2011, the Clerk of Court filed a letter from the NC DOC. (Doc. No. 5). In the letter, the NC DOC explains that Plaintiff was released on parole on March 31, 2011. On June 1, 2011, the Clerk's Docket entry reflects that an Application to Proceed Without Prepayment of Fees or Costs (the "Application") was mailed to Plaintiff at an address provided by the NC DOC, but was later returned as undeliverable. See (Doc. No. 6).

Plaintiff initiated this action against the defendant by the filing of a Complaint and included the only address he has ever provided to the Court, namely, his address at Lanesboro

1

Correctional. Plaintiff was paroled and therefore had the obligation to provide the Court with a current address. Since his parole, information critical to Plaintiff's ability to proceed with his case, that is, the Application, has been returned to the Clerk of Court as undeliverable. It is not the responsibility of the Court to track down plaintiffs or defendants in an effort to ensure that their case continues to progress through the judicial system.

As noted, Plaintiff's Application, which was to be completed and returned to this Court, was returned as undeliverable. Federal law states a prisoner bringing a civil action under Section 1983 will be responsible for paying the full amount of the filing fee, notwithstanding their ability to apply to the Court to commence and prosecute the lawsuit without prepayment of fees or costs. 28 U.S.C. § 1915 (b). However, the Plaintiff, a prisoner at the time he commenced the lawsuit, must still submit the required documentation in the form of the Application or prisoner trust account, before the Court can allow the case to proceed.

Plaintiff has failed to notify the Court of a current address and documents critical to his case have been returned as undeliverable. Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court and Defendant with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Clerk of Court will be directed to send a copy of this Order to the last known address which was provided to the Court by the NC DOC. (Doc. No. 6). Plaintiff is directed to notify the

Court of a current address within fourteen (14) from entry of this Order. Failure to so notify the Court will result in Plaintiff's case being dismissed for (1) failure to prosecute and/or (2) for failure to pay the necessary filing fee, or make Application to Proceed Without Prepayment of Fees.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall (1) provide the Court with current information on his address, and (2) to submit the full filing fee or make Application to Proceed Without Prepayment of Costs or Fees, within ten (10) days from entry of this Order. <u>Failure to comply with this Order within ten (10) days from its entry will result in dismissal of Plaintiff's Complaint.</u>

2. The Clerk of Court is directed to send a copy of this Order and an Application to Proceed Without Prepayment of Costs and Fees to Plaintiff's last known address as provided by the NC DOC. (Doc. No. 6).

Signed: June 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge