UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-245-RJC

| | |
|---|---|
| JONATHAN PAUL LANGLEY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>OFFICER FNU LEMON,  )<br>)<br>Defendant.  )<br>) | **ORDER** |

**THIS MATTER** is before the Court on its own motion after a review of pending cases on the Docket.

On December 13, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983, in the Eastern District of North Carolina. (Doc. No. 1). According to his Complaint, Plaintiff was incarcerated in the Lanesboro Correctional Institution within the Western District. The case was therefore transferred to this district from the Eastern District of North Carolina on May 13, 2011, after it was determined that venue was proper in this district. (Doc. No. 2). On May 17, 2011, the Clerk of Court entered an Order requiring the production of Plaintiff's prisoner trust account statement and the same was returned by the prison officials at Lanesboro Correctional. (Doc. Nos. 4, 5). Prison officials notified the Clerk of Court that Plaintiff had been paroled on March 31, 2011. The Clerk of Court then mailed an Application to Proceed without Prepayment of Fees or Costs to an address provided by the North Carolina Department of Public Safety. This Application was returned to the Clerk as undeliverable. On June 25, 2012, the Court entered an Order requiring Plaintiff to provide the Clerk of Court updated information on his current address and to provide updated financial information. (Doc. No. 7).

1

As the Court explained in the June 25th Order, Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court and Defendant with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

In the June 25th Order, Plaintiff was advised that he must inform the Court of his new contact information and updated financial information within fourteen (14) days from entry of the Order and that a failure to respond would result in a dismissal of Plaintiff's Complaint for failure to prosecute. Allowing three (3) days for mailing, Plaintiff must have informed the Court of his current address no later than July 12, 2012, however no such notice has been provided to the Court or the Clerk of Court as July 18, 2012. Accordingly, the Court will enter an Order dismissing Plaintiff's Complaint for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. (Doc. No. 1).

The Clerk is respectfully directed to send a copy of this Order to Plaintiff's last known address.

Signed: July 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge